UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DESROY DEHANEY,** | § <br> § <br> § **Civil Action No.:** |
| Plaintiff, | § <br> § |
| v. | § <br> § |
| **MEDICREDIT, INC.,** | § **JURY TRIAL DEMANDED** |
| Defendants. | § <br> § <br> § <br> § |

## COMPLAINT

DESROY DEHANEY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a natural person residing in Houston, Texas 77034.

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See § 1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a national debt collection company with headquarters located at 3 City Place Drive, Suite 6900, Saint Louis, Missouri 63141.

12. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

15. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

16. Beginning in November or December 2015, Defendant contacted Plaintiff by calling his cellular telephone phone in its attempts to collect a debt.

17. Defendant has placed telephone calls to Plaintiff from (888) 930-4297. The undersigned has confirmed that these telephone numbers belong to Defendant.

18. During the phone calls, representatives of the Defendant asked to speak to an unknown third party named Karen Adams.

19. Plaintiff would also receive automated voice messages from Defendant stating they were calling to speak to Karen Adams regarding an "important call."

20. Plaintiff received automated calls from Defendant that began with a pre-recorded voice before speaking to Defendant's collectors.

21. Plaintiff told Defendant that they had the wrong phone number and to stop the calls in November or December 2015 shortly after the calls began.

22. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place these calls.

23. Defendant has continued to call Plaintiff's cellular telephone since being told it had the wrong phone number.

24. Defendant's calls were also not for emergency purposes, but rather to reach an unknown third party.

25. After the calls to Plaintiff's cellular telephone continued in spite of his repeated requests to stop calling, Plaintiff had no other option but to block calls from their number.

26. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §1692d OF THE FDCPA

27. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated §1692d when it continued calling Plaintiff's cellular telephone after Plaintiff informed Defendant that they had the wrong number and to stop calling him in November or December 2015.

## COUNT II
## DEFENDANT VIOLATED §1692d(5) OF THE FDCPA

29. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated §1692 (d)(5) of the FDCPA when it continued to call Plaintiff on his cellular telephone after November or December 2015 when he told Defendant that they had an incorrect phone number and requested that all calls stop immediately.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes.

34.     Defendant's calls to Plaintiff, on and after November or December 2015, were not made with Plaintiff's prior express consent.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DESROY DEHANEY, respectfully prays for a judgment as follows:

- a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
- b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
- d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
- e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

 PLEASE TAKE NOTICE that Plaintiff, DESROY DEHANEY, demands a jury trial in this case.

       Respectfully submitted,

Dated: April 22, 2016  By: /s/ Amy L. Bennecoff Ginsburg, Esq.
        Amy L. Bennecoff Ginsburg, Esq.
        Attorney-in-Charge for Plaintiff
        Pennsylvania Bar No. 202745
        Federal Bar No. 1477508
        Kimmel & Silverman, P.C.
        30 East Butler Pike
        Ambler, Pennsylvania 19002
        Phone: (215) 540-8888
        Facsimile: (877) 788-2864
        Email: abennecoff@creditlaw.com